**Jose Trinidad TENORIO–PAREDES; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–70897.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 22, 2008.

John M. Pope, Stender & Pope, PC, Phoenix, AZ, for Petitioners.

Daniel E. Goldman, Rebecca Hoffberg, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's order denying the application for cancellation of removal of petitioners Jose Tenorio–Paredes, Marisca Osornio and minor son.

A review of the administrative record demonstrates that petitioners have presented no evidence that the minor son has a qualifying relative for purposes of cancellation of removal as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). The BIA therefore correctly concluded that, as a matter of law, petitioner was ineligible for cancellation of removal. Accordingly, respondent's motion for summary denial is granted in part as to petitioner minor son because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

Further, we have reviewed the response to the court's March 12, 2008 order to show cause, and we conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir.2005); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Petitioners' contention that they are entitled to relief because their removal would violate the substantive due process rights of their citizen children is foreclosed. *See Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978) (observing that the argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child ... has been authoritatively rejected in numerous cases.") (citations omitted).

Accordingly, respondent's motion to dismiss this petition for review for lack of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction is granted in part as to petitioners Jose Tenorio–Paredes and Marisca Osornio. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.